IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

FRED BURBAGE,                          )
                                       )
                 Plaintiff,            )
                                       )
v.                                     )        C.A. No.: 2:05-3153
                                       )
REGINALD RICHBURG and                  )        **ORDER**
SOUTH CAROLINA DEPARTMENT              )
OF REVENUE,                            )
                                       )
                 Defendants.           )
_____)

This matter is before the court upon Plaintiff Fred Burbage's ("Burbage") Motion to Remand. For the reasons set forth herein, the court grants Plaintiff's Motion.

**BACKGROUND**

Plaintiff Burbage originally filed this action for debt collection and mortgage foreclosure in the Court of Common Pleas of Dorchester County, South Carolina, on October 12, 2005. Specifically, the Complaint alleges that on February 19, 2004, Defendant Reginald Richburg ("Richburg") delivered a promissory note to Plaintiff, secured by a mortgage on certain real property, and that the monthly payments due on the note and mortgage have been in default since February 1, 2005, entitling Plaintiff to collection of the amount owed under the note and to foreclosure on the mortgage. Also, Plaintiff asserts that Defendant South Carolina Department of Revenue ("SCDOR") claims or may claim an interest in the subject property by virtue of a tax lien against Richburg.

On November 9, 2005, Defendant Richburg filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, alleging that, "[b]ecause the Amended Complaint references federal law concerning debt collection, this is a matter over which this Court has original jurisdiction pursuant to 28 U.S.C.

§ 1331 and other law." (Notice of Removal at 2.) Specifically, Defendant references Paragraph 9

of Plaintiff's Amended Complaint, which states: "Any notice required by the terms of the Mortgage

or by state or federal law has been given to the Defendant prior to the commencement of this

action." (Amended Complaint ¶ 9.) In the Notice of Removal, Defendant also states that he "will

be asserting various defenses, counterclaims and naming additional parties asserting violations of

various federal laws."[1] (Notice of Removal at 2.)

On November 14, 2005, Plaintiff filed a Motion to Remand, alleging that nothing in the

Complaint supports "a claim that this matter arises under, or even implicates, any federal law or

statute." (Motion at 2.) More specifically, Plaintiff states that "[t]his is an action for foreclosure,

predicated upon the debt owed under a promissory note, and for collection pursuant to the terms of

the note itself." (Motion at 3.) With regard to Paragraph 9 of his Complaint, Plaintiff argues that

"[t]here is no citation to any particular federal statute as being applicable to the case, and this single

statement is clearly facially insufficient to state a claim under any conceivable federal statute."

(Motion at 2.) Stated simply, Plaintiff claims that no federal question jurisdiction exists because this

action is nothing more than a state law matter, whereby Plaintiff seeks enforcement of a promissory

---

[1] Defendant lists the following federal laws through which he may name additional parties or on which he may base defenses or counterclaims: (1) the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601; (3) the Fair Credit Reporting Act, 15 U.S.C. § 1681; and (4) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (Notice of Removal at 2.) However, in his Motion, Plaintiff correctly notes that the possibility that Defendant may assert defenses based on federal law does not in itself confer federal question jurisdiction. *See, e.g*, *Caterpillar Inc.,* 482 U.S. at 393 (noting that even if plaintiff anticipates a defense invoking federal law, federal question jurisdiction does not exist unless it appears from the face of the complaint). Thus, in his Memorandum in Opposition to Plaintiff's Motion, Defendant states: "Although Defendant identifies certain defenses to be asserted pursuant to federal law, it is the Complaint itself which contends the applicability and compliance with federal law which make this matter properly removable." (Def. Response at 7.)

note and foreclosure of the associated security interest in real property.

In response, Defendant contends that Plaintiff is a creditor, within the meaning of 15 U.S.C. § 1601, who attempts to collect a debt within the meaning of the Fair Debt Collection Practices Act ("FDCPA"). Defendant states:

> Based upon the reference to federal law, the underlying credit transaction being controlled by federal law and a court necessarily being required to interpret and apply federal law, this matter was removed. Defendant is not asserting a federal claim by way of a defense but rather the Plaintiff must necessarily prove compliance with Federal law in order to collect the alleged debt. Plaintiff requests remand. Defendant opposes this request.
>
> Here, the vindication of the rights of the parties necessarily turns on construction of federal law, including 15 U.S.C. § 1601, *et seq.* Thus, this matter is properly removable within the meaning of 28 U.S.C. § 1441 as the determination and interpretation of federal law is necessary and because Mr. Burbage made it an issue within the 4 corners of the Amended Complaint.

(Def. Response at 2.)

In his Reply to Defendant's Response, however, Plaintiff states that he "makes no allegations whatever regarding the act." (Reply at 2.) Rather, Plaintiff claims that he merely "made passing reference that he believes he has complied with all applicable laws, state or federal," and that this case involves "nothing more nor less than the enforcement of the terms of a promissory note and the foreclosure of the associated security interest in real property." (Reply at 2-3.) Also, Plaintiff asserts that he could not have brought this action in federal court originally.

## ANALYSIS

In order for removal jurisdiction to exist, a federal court must have original jurisdiction. *See* 28 U.S.C. § 1441(a). "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir.1999). Defendant attempts to remove this case on the basis of federal question jurisdiction, and

3

he therefore bears the burden of proof.

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the presence of federal question jurisdiction is determined by the well-pleaded complaint rule. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). In other words, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, No. 02-2139, slip op. at 5 (4th Cir. 2003). Thus, pursuant to the well-pleaded complaint rule, the plaintiff is the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law. *Id.* (internal citations omitted); *see also The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon.") (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Great North R.R. Co. v. Alexander,* 246 U.S. 276, 282 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").

Accordingly, under the well-pleaded complaint rule, courts "ordinarily . . . look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney,* 89 F.3d 1156, 1165 (4th Cir.1996). Moreover, "[w]hen evaluating the propriety of removal, the district court must determine the nature of plaintiff's claims from the face of the complaint at the time the petition for removal was filed." *Martin v. Lagualt*, 315 F.Supp.2d 811, 814 (E.D. Va. 2004) (citation omitted).

4

In addition, when the plaintiff's case is properly brought under state law, a defendant is not entitled

to remove the action simply because federal law will provide a defense to the plaintiff's state law

claims. *Caterpillar Inc.,* 482 U.S. at 393. Therefore, even if Plaintiff believes that Defendant may

raise an argument based on the FDCPA – or some other argument founded on federal law – in

defense to the state court foreclosure action, it does not matter for purposes of ascertaining the

presence of federal question jurisdiction.

Applying the well-pleaded complaint rule to the present case, the court finds that Plaintiff's

Complaint asserts no federal question. First, the court agrees with Plaintiff that his reference to

complying with "[a]ny notice required by the terms of the Mortgage or by state or federal law" in

Paragraph 9 of his Complaint is not sufficient in itself to confer federal question jurisdiction over

the action. Moreover, Plaintiff does not allege that he is entitled to relief on the basis that Defendant

violated FDCPA or any other federal statute. Nor does the court believe that Plaintiff artfully

drafted his complaint in an effort to defeat removal. *See, e.g.*, *Rivet v. Regions Bank*, 522 U.S. 470,

475 (1998) ("If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may

uphold removal even though no federal question appears on the face of the plaintiff's complaint.").

Rather, the court concludes that Plaintiff's Complaint merely states a cause of action for

enforcement of a promissory note and foreclosure of the associated security interest in real property.

Accordingly, no federal question jurisdiction supports the assertion of removal jurisdiction under

28 U.S.C. § 1441. Thus, despite Defendant's drawn out attempt to argue otherwise, the court finds

that Plaintiff's Complaint does not "arise under" any federal statute so as to confer original

jurisdiction in this court, and therefore, the court grants Plaintiff's Motion to Remand.

## CONCLUSION

It is, therefore, **ORDERED** for the foregoing reasons, that Plaintiff's Motion to Remand is

**GRANTED.**

                      **AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 12, 2006**

6